June 8, 2005

Tracy A. Rivers
United States Probation Officer
75 Clinton Street
Brooklyn, N.Y. 11201-4201

**Re: U.S. v. Neil Foster Phillips, II**
**Docket # 04-CR-150 (S-1) – 01 (JG)**

Dear Ms. Rivers,

This letter is submitted in accordance with the notice received from your Department concerning the Pre-sentence Report (hereinafter "PSR") for our client, Neil Foster Phillips, II.

We respectfully object to the advisory "Total Offense Level" computation contained in paragraph 34 of the PSR. Specifically, the defendant, Neil Philips, objects to the Probation Department's adjustments for "obstruction of justice" (paragraphs 16, 19, 21, 31); "special skill" (paragraphs 19 and 30); and the combination of multiple "overlapping" sentencing enhancements that significantly increase Mr. Phillips sentence (paragraphs 26, 27, 28, 30 and 31).

**Adjustment for Obstruction**
**Of Justice**

The defendant respectfully objects to the two level enhancement under advisory guideline 3C1.2 for obstruction of justice. Neil Phillips denies any allegation that he engaged in "reckless flight in avoidance of arrest that created a substantial risk of death or serious bodily injury to individuals…" (see PSR paragraph 21). At no time did any investigators exit their vehicle and display badges or otherwise identify themselves as law enforcement to the defendant. See U.S. v. Sawyer, 115 F.3d 857 (11th Cir.

1

1997); <u>U.S. v. Hayes,</u> 49 F.3d 178 (6th Cir. 1995).  Nor did Neil Phillips drive his vehicle at "high speeds" wherein he "created a substantial risk of death or serious bodily injury to another individual" in an attempt to allude law enforcement.  Application Note 5 to advisory guideline 3C1.1 specifically excludes "avoiding or fleeing from arrest" from the obstruction guideline unless it concomitantly meets the standard of advisory guideline 3 C1.2

A written plea agreement was entered into by the parties memorializing their position on the likely adjusted offense level under the sentencing guidelines. An enhancement for the conduct alleged in paragraphs 16, 19, 21, and 31 of the PSR as it relates to this issue was determined by the government not to apply.


## Special Skill

Neil Phillips objects to the PSR's two level enhancement for "special skill" pursuant to advisory guideline 3B1.3.  (see PSR paragraph 19 and 30).

Application Note 3 to advisory guideline 3B1.3 indicates that,

"Special skill refers to a skill not possessed by members of the general public and usually requiring substantial education, training or licensing.  Examples include pilots, lawyers, doctors, accountants, chemists and demolition experts."

While the defense acknowledges that the instant offense involved "sophisticated means" and therefore a two-level enhancement pursuant to advisory Guideline 2 B1.1 (b) (9) (c) is appropriate; the defendant objects to an additional enhancement for "special skill" per advisory guideline 3 B1.3. The mere fact that defendant is a licensed funeral director is not enough for this additional enhancement to apply.

The application note to this guideline specifically indicates that <u>substantial</u> education, training or licensing is pre-requisite to the use of this enhancement.  The examples cited of pilots, doctors and chemists further illustrate this point.  It is the defendant's position that a funeral director was not one of those positions contemplated by the legislature when enacting the "special skill" enhancement under guideline 3 B1.3.

It has been held that skills learned on the job are not, without more, "use of a special skill."  See U.S. v. Harper, 33 F.3d 1143, 1151-1152 (9th Cir. 1994)(defendant convicted of conspiracy and attempted bank robbery and carrying a firearm remanded: "defendant's knowledge of ATM service procedures, her knowledge of how ATM technicians enter ATM rooms and open ATM vaults, her knowledge of how to disarm ATM alarm systems, and her knowledge of when ATM vaults are likely to contain large amounts of cash…is not sufficient"); Similarly in U.S. v. Green, 962 F.2d 938, 944-945 (9th Cir. 1992) the court held that a defendant's pre-existing education and skill in printing was insufficient to justify imposition of the special skills adjustment for the crime of photographing federal reserve notes.

Neil Phillips' skills learned during his employment in the funeral business cannot be reasonably equated with the skills developed and possessed by "pilots, lawyers, doctors, accountants, chemists and demolition experts."  Nor does the defendant's former position require substantial education or licensing.  The fact that Neil Phillips is a licensed N.Y. state funeral director does not give him a special skill necessary to submit a false death certificate.  Indeed anyone, including members of the "general public" (see application note 3) can obtain a death certificate and concomitantly possess the skills necessary to submit a false one.

## The Combination of Overlapping Multiple Advisory Sentencing Enhancements Requires Mitigation of the Defendant's Sentencing Range

Recent Second Circuit decisions allow a District Court Judge to mitigate a defendant's sentence when the combination of multiple sentencing enhancements substantially overlap and result in a significant increase in the sentencing range minimum. These recent decisions have concluded that the combined effect of the aggregation of substantially overlapping enhancements and the large increase in the sentencing range minimum at the higher end of the sentencing table is a factor that was not adequately considered by the Sentencing Commission. This is true even if

those enhancements are sufficiently distinct to escape the vice of double counting.

In U.S. v. Lauersen, 348 F.3d 329 (2nd Cir. 2003) and U.S. v. Jackson, 346 F.3d 22 (2nd Cir. 2003) the court approved the district court's reduction of a defendant's sentence where multiple sentencing enhancements combine to increase a defendant's sentence. Both decisions have been affirmed upon rehearing in U.S. v. Lauersen and U.S. v. Jackson, No. 01-1526(L), 01-1600 (XAP), 02-1338 (2nd Cir. March 24, 2004) (on petition for panel re-hearing).

In Lauersen, the defendant, a prominent obstetrician-gynecologist, was convicted of defrauding health insurance companies. He provided fertility treatments not covered under the patient's insurance policies, and then filed insurance claims falsely representing that he had provided other types of treatment. The loss figure for Dr. Lauersen was conservatively estimated at 4.9 million.

The probation report which computed the guideline level, for the time period in question, placed the defendant Lauersen's total offense level at 33. That calculation took into account several sentencing enhancements. Thus, beyond the base offense level that applies to all fraud cases, Dr. Lauersen was assigned additional levels based on the financial amount involved in his offenses, more than minimal planning, abuse of a position of trust, obstructions of justice, leadership, and an additional enhancement because his offense affected a financial institution and he had derived more than a million dollars in proceeds. Each of these enhancements was based on a separate provision of the sentencing guidelines.

Writing for the panel Judge Jon O. Newman observed that the district court has the authority to depart and/or mitigate downward from the applicable guideline sentencing range, at its discretion, on the ground that the multiple sentencing enhancements had "substantial overlap". Judge Newman noted, for example, that the 13 level enhancement for the financial amount involved already took into consideration the more than 1 million in proceeds upon which the enhancement for affecting a financial institution was also based in part. The "large amount of money involved in the fraud significantly triggers both of them" (re: enhancements). 348 F.3d at 344.

Judge Newman noted, however, that the justification for mitigating the defendant's sentence was not solely the accumulation of overlapping enhancements, but the disproportionate impact, that such enhancements have as a sentence rises toward the higher end of the guidelines tables. This reasoning remains sound even though the guidelines are now advisory.

The Lauersen court concluded that the combined effect of (1) overlapping enhancements and (2) their progressively more severe impact as a defendant's offense level increases presents a circumstance that is present to a degree not adequately considered by the U.S. Sentencing Commission, and therefore permits a sentencing judge to mitigate a defendant's sentence. 348 F.3d at 344. Lauersen thus permits the district courts to consider a lower sentence, where multiple enhancements, though not impermissibly duplicative, may nevertheless overlap.

In Jackson, decided less than a month after Lauersen, the Second Circuit re-affirmed that a departure could be considered where multiple sentencing enhancements substantially overlap.

The defendant in Jackson pleaded guilty to various counts of fraud. At sentencing, the district court applied the sentencing guidelines to enhance the defendant's base offense level of 6 by 10 additional levels for loss, 2 levels for more than minimal planning, 2 levels for sophisticated means and 4 additional levels for his role as a leader.

On appeal the Second Circuit held that a remand was appropriate to allow the district court to consider mitigation as recognized in Lauersen. Writing for the panel again, Judge Newman observed that "although the enhancements imposed by the district court are permissible, they are a little more than different ways of characterizing closely related aspects of Jackson's fraudulent scheme". He further observed that "most fraud schemes that obtain more than one half million dollars involve careful planning, some sophisticated techniques and are extensive". 346 F.3d at 26. Both Lauersen and Jackson were recently affirmed upon rehearing by the same panel of the Second Circuit that originally decided them. See U.S. v. Lauersen and U.S. v. Jackson, Nos. 01-1526, 01-1600, 02-1338 (2nd Cir. 2004).

In the case at bar, the PSR for Neil Phillips, like the defendants in Lauersen and Jackson has dramatically increased his advisory guideline sentence through the use of multiple overlapping sentencing enhancements.

Thus, beyond his base offense level of 7 the PSR has increased Phillips advisory sentence 18 levels for loss pursuant to guideline 2B1.1(b)(1)(J) while at the same time enhancing his advisory sentence by 2 levels pursuant to guideline 2B1.1(b)(13)(A) for deriving more than one million in gross receipts from one or more financial institutions. The 18 level enhancement for loss "substantially overlaps" with the additional two level enhancement for deriving more than the one million dollars in proceeds from a financial institution. See Lauersen. The written plea agreement entered into by the litigants does not include an additional 2 level enhancement pursuant to advisory guideline 2B1.1 (b) (13) (A). Clearly, it was not the government's intention for such an enhancement to apply.

Similarly the Probation Department has included the enhancements of "sophisticated means", "special skill" and "obstruction of justice" to increase the defendant's advisory guideline sentence by an additional 6 levels.

Like the defendant in Jackson, the above noted multiple enhancements proposed by the Probation Department "are all little more than different ways of characterizing closely related aspects of [defendant's] fraudulent scheme ….. Most fraud schemes that obtain more than one half million dollars involve careful planning, some sophisticated techniques and are extensive". Jackson, 346 F.3d at 26. Even though these enhancements are sufficiently distinct to escape the vice of double counting, they substantially overlap. Additionally the written plea agreement entered into by the parties does not include a two level enhancement for obstruction of justice.

Like the defendants Lauersen and Jackson, the defendant Neil Phillips faces the potential for added punishment because of the imposition of these overlapping enhancements.

6

## **Conclusion**

In sum, based on the objections to the PSR outlined in this letter it is the defendant Neil Phillip's position that his advisory total offense level is 24. This computation consists of a base offense level of 7 and enhancements of 18 levels for "loss" per guideline 2B1.1 (b) (1) (J); "sophisticated means" per advisory guideline 2B1.1 (b) (9) (C); minus 3 levels for acceptance of responsibility. Based on a total offense level of 24, and criminal history Category of 1, the advisory guideline imprisonment range is 51-63 months. As indicated in the written plea agreement it is the government's position that the defendant's total level should be a level 26 with a range of imprisonment of 63-78 months.

Very truly yours,

_____
James J. DiPietro

_____
Paul Gianelli
Attorneys for Neil Phillips, II

JJD/jb
cc: Honorable John Gleeson
    AUSA Robert Capers