UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

VS.

NEIL FOSTER PHILLIPS II

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 28 2006 ★

**BROOKLYN OFFICE**

**JUDGMENT INCLUDING SENTENCE**

NO. CR 04-150(S-1)-01JG
USM# 63024-053

| Robert L. Capers | Burt Sulzer | James J. DiPietro, Esq. |
|---|---|---|
| Assistant United States Attorney | Court Reporter | Defendant's Attorney |

The defendant **Neil Foster Phillips II** having pled guilty to a single count superseding indictment, accordingly, the defendant is ADJUDGED guilty of such Count(s), which involve the following offenses:

| **TITLE AND SECTION** | **NATURE OF OFFENSE** | **COUNT NUMBERS** |
|---|---|---|
| **18USC1341 and 1349** | **CONSPIRACY TO COMMIT MAIL FRAUD** | **ONE** |

The defendant is sentenced as provided in pages 2 through 5 of the Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1988.

__X__ The defendant is advised of his/her right to appeal within ten (10) days.
____ The defendant has been found not guilty on count(s) and discharged as to such count(s)
__X__ Open counts are dismissed on the motion of the United States.
____ The mandatory special assessment is included in the portion of Judgment that imposes a fine.
__X__ It is ordered that the defendant shall pay to the United States a special assessment of $100.00 which shall be due immediately.

It is further **ORDERED** that the defendant shall notify the United States Attorney for this District within 30 days of any change of residence or mailing address until all fines, restitution, costs and special assessments imposed by this Judgment are fully paid.

FEBRUARY 17, 2006
Date of Imposition of sentence

s/John Gleeson
JOHN GLEESON, U.S.D.J.

Date of signature  2-23-06
A TRUE COPY ATTEST
DEPUTY CLERK

Vivian Klein

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of: **EIGHT (8) YEARS.**

\_\_\_\_    The defendant is remanded to the custody of the United States Marshal.

\_\_\_\_    T he defendant shall surrender to the United States Marshal for this District.

**X**    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

      **X**    -12:00 noon. **April 28, 2006**       .
      \_    As notified by the United States Marshal.
      \_    As notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____


Defendant delivered on _____ to _____ at _____ with a certified copy of this Judgment.


                        _____
                        United States Marshal

                        By: _____

## SUPERVISED RELEASE

Upon release from Imprisonment, the defendant shall be on supervised release for a term of: **THREE ( 3 ) YEARS**

**The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.**

While on supervised release, the defendant shall not commit another Federal, State, or Local crime and shall comply with the standard conditions that have been adopted by this Court (Seaforth on the following page).

The defendant is prohibited from possessing a firearm.

The defendant shall not illegally possess a controlled substance.

If this Judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

    _    The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

    COMPLIANCE WITH THE ORDER OF FORFEITURE ( COPY ATTACHED); MAKE FULL FINANCIAL DISCLOSURE AS DIRECTED BY THE PROBATION DEPARTMENT..

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not leave the judicial district without the permission of the court or probation officer;

2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

8) The defendant shall support his or her dependents and meet other family responsibilities;

5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons:

6) The defendant shall notify the probation officer within 10 days prior to any change in residence or employment;

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a Physician;

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court;

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## CRIMINAL MONETARY PENALTIES

| COUNT | FINE | RESTITUTION |
|---|---|---|
| ONE | | $3,107,362.54 |

**PAYABLE AT A RATE OF 25% OF NET DISPOSABLE INCOME PER MONTH UPON HIS RELEASE (TO EXTENT NOT PAID BY FUNDS FORFEITED).**

---

### RESTITUTION

\_\_\_\_The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A, and 113A of the Title 18 for offenses committed on or after 9/13/1998, until _____. an amended judgment in a Criminal case will be entered after such determination.

**\_X\_\_\_The defendant shall make restitution to the following payees in the amounts listed below.**

### ( SEE ATTACHMENT)

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

**TOTALS: $3,107,362.54**

Findings for the total amount of losses are required under Chapters 109A, 110,110A, 113A of the Title 18 for offenses committed on or after September 13, 1998.

| Life Insurance Company/Policy Name | Beneficiary | Amount Paid |
|---|---|---|
| John Hancock Life/ Larry Lyles | Eloise Lyles-Phillips (using the name Eloise Lyles) | $ 502,095.39 |
| John Hancock Life/ Desiree Colson | Eloise Lyles-Phillips (using the name Eloise Lyles) | $ 1,003,084.70 |
| New York Life/ Devon Lyles | Eloise Lyles-Phillips (using the name Eloise Lyles) | $ 500,728.20 |
| New York Life/ Steven Burnell | Mable Burnell and Eloise Lyles-Phillips (using the name of Denise Burnell) | $ 650,900.35 |
| Met Life/Steven Burnell | Mable Burnell and Eloise Lyles-Phillips (using the name of Denise Burnell) | $ 450,553.90 |
| | Total | $3,107,362.54 |

*Handwritten annotations in left margin: 4/03, 4/96, Feb 96, Jun 99, Jun 99*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

NEIL FOSTER PHILLIPS II,

    Defendant.

- - - - - - - - - - - - - - - - X

FINAL ORDER
OF FORFEITURE

CR-04-150 (S-1)(JG)

        WHEREAS, on November 4, 2004, defendant NEIL FOSTER PHILLIPS II (the "defendant") pled guilty to a Superseding Information charging mail fraud conspiracy; and

        WHEREAS, pursuant to a Consent Order of Forfeiture entered on January 19, 2005 (the "Consent Order"), the defendant was ordered to pay a forfeiture money judgment in the amount of $3,108,166.96 (the "Forfeiture Money Judgment"); and

        WHEREAS, the Consent Order required the defendant to pay the Forfeiture Money Judgment from the proceeds of the sale of the real properties, as defined in the Consent Order; and

        WHEREAS, the Consent Order required the defendant to pay the Forfeiture Money Judgment in full no later than July 31, 2005;

        WHEREAS, the defendant has sold certain of the real properties, and the net proceeds of those sales have been applied toward the Forfeiture Money Judgment; and

        WHEREAS, despite his good faith efforts, to date the

defendant has been unable to sell the remaining real properties; and

WHEREAS, as of February 16, 2006, the defendant had made payments totaling $1,916,891.85 toward the Forfeiture Money Judgment; and

WHEREAS, on February 17, 2005, the defendant made another payment of $20,000 toward the Forfeiture Money Judgment; and

WHEREAS, as of the date hereof, $1,171,275.11 of the Forfeiture Money Judgment remains outstanding.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. Except as amended herein, the Consent Order is made final and both this Final Order of Forfeiture and the Consent Order are made part of the defendant's sentence in the above-captioned matter and are included in the judgment. The Forfeiture Money Judgment is entered against the defendant pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. The defendant shall forfeit all of his right, title and interest in the Forfeiture Money Judgment, and the United States shall have clear title to any payments made toward the Forfeiture Money Judgment.

3. The defendant shall continue to make good faith efforts to sell the remaining real properties on or before October 1, 2006, and, as set forth in the Consent Order, the net proceeds of said sales shall be applied toward the Forfeiture

Money Judgment. The defendant's failure to sell the real properties by October 1, 2006 does not excuse him from his obligation to pay the Forfeiture Money Judgment.

4. Notwithstanding the foregoing, upon entry of this order, the United States is authorized to execute the balance of the Forfeiture Money Judgment against any and all property, real or personal, of the defendant pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedure Act, or any other applicable law.

5. The United States Marshals Service is directed to dispose of any payments made toward the Forfeiture Money Judgment in accordance with applicable law.

6. The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Final Order of Forfeiture to Assistant United States Attorney Kathleen A. Nandan, United States Attorney's Office, Eastern District of New York, One Pierrepont Plaza, 16th Floor, Brooklyn, New York 11201.

Dated: Brooklyn, New York
February 17, 2006

ATTEST
DATED ................................. 20 ......
ROBERT C. HEINEMANN
........................................ CLERK
BY

_____
HONORABLE JOHN GLEESON
UNITED STATES DISTRICT JUDGE

SLR:TJK
N:PHILLIPS.CONSENT.ORD.WPD

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

  - against -

NEIL FOSTER PHILLIPS II,

    Defendant.

- - - - - - - - - - - - - - - - -X

CONSENT ORDER OF
CRIMINAL FORFEITURE

04 CR 0150 (S-1)(JG)

  WHEREAS, on November 4, 2004, the defendant NEIL FOSTER PHILLIPS II, plead guilty to an Information which charged the defendant with a violation 18 U.S.C. § 1349, and the Government sought criminal forfeiture of certain assets, or in the alterative, substitute assets, of the defendant pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and

  WHEREAS, defendant has agreed to the entry of an Order of Forfeiture against him in the amount of Three Million, One Hundred Eight Thousand, One Hundred Sixty Six Dollars and Ninety Six Cents ($3,108,166.96), property which constitutes or property derived from proceeds obtained directly or indirectly as a result of the offense to which the defendant pled guilty; and

  WHEREAS, by virtue of the defendant having pled guilty to the Information and having waived his constitutional, legal and equitable defenses and rights to the forfeiture allegations in

the Information, the United States is now entitled to the money judgment amount of $3,108,166.96, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. Pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2 and the Plea Agreement, a forfeiture money judgment shall be entered against the defendant in favor of the United States in the amount of $3,108,166.96 (the "Forfeiture Money Judgment"), which sum represents property constituting or derived from proceeds obtained directly or indirectly as a result of the offense to which the defendant plead guilty;

2. The defendant shall pay the Forfeiture Money Judgment in full as follows: (a) defendant shall pay the Forfeiture Money Judgment, at least in part, from the net proceeds of the sales of the real properties, as defined in paragraph 3, below; (b) at least $750,000 of the Forfeiture Money Judgment by December 31, 2004; and (c) the balance of the Forfeiture Money judgment no later than 30 days prior to sentencing, but in no event later than July 31, 2005. In its discretion, the government may consider a reasonable adjournment of the July 31, 2005 due date for the payment of the balance of the Forfeiture Money Judgment. All payments to the Forfeiture Money Judgment shall be made by check payable to the "United States Marshals Service, Eastern District of New York," and shall

be sent to the attention of Assistant U.S. Attorney Tracey Knuckles, One Pierrepont Plaza, 16th Floor, Brooklyn, New York 11201. The defendant agrees not to file a claim or assist others to file a claim to any of the property listed in the consent order of forfeiture in any administrative or judicial proceeding, and agrees not to contest or assist any person to contest the Government's collection of the Forfeiture Money Judgment.

3. Defendant shall not sell the premises and real property located at (a) 3 Vandercrest Court, Dix Hills, New York; (b) 152-20 Rockaway Boulevard, Jamaica, New York; and (c) 30 Beach Avenue, Sag Harbor, New York (collectively referred to as the "real properties") except for the purpose of paying the Forfeiture Money Judgment.

4. The defendant shall pay the Forfeiture Money Judgment in part, from the net proceeds of the sales of the real properties within 10 days of closing on each property, and then all other liens, in that order. The net proceeds of the real properties sales shall constitute the gross proceeds less reasonable closing costs and the mortgage liens recorded as of the date that the defendant's plea agreement was executed. All documents concerning or relating to the sales of the real properties, including but not limited to, contracts and closing statements, shall be subject to review and approval by the United States Attorney's Office.

5. The defendant shall promptly use his best efforts

to sell the real properties as expeditiously as possible and at the highest possible prices.

6. The defendant shall not transfer, sell, assign, or encumber the real properties except as provided above.

7. The defendant shall immediately provide written notice to the Government of any foreclosure proceedings against the real properties and any bankruptcy proceedings filed by or against the defendant.

8. The defendant shall take no action to frustrate, preclude, or unnecessarily delay the transfer of the real properties set forth in the Plea Agreement or delay the payment of any funds pursuant to this Consent Order of Forfeiture to the United States.

9. The defendant hereby agrees not to assert any claim or assist any other person to assert any claim to monies forfeited pursuant to this Order in any administrative or judicial proceeding, waives his right to any required notice concerning the forfeiture allegations, and waives any and all defenses based on double jeopardy, ex post facto application of any applicable statute, any applicable statute of limitation, or the Excessive Fines Clause of the Eighth Amendment.

10. This Consent Order shall be final and binding only upon the Court's "so ordering" of the order.

11. Defendant as Signatory to this Consent Order represents that he has the full power and authority to enter this

Consent Order and to perform the obligations set forth herein, and that this Consent Order is being executed on his behalf by a person who is fully authorized to do so.

12. This Consent Order shall be binding upon the successors, administrators, heirs, assigns, and transferees of the defendant and shall survive the bankruptcy of the defendant.

13. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Consent Order.

Dated: Brooklyn, New York
January 18, 2005

*So ordered*
*John Gleeson*
*USDJ*
*1-19-05*

ROSLYNN R. MAUSKOPF
United States Attorney
Eastern District of New York
One Pierrepont Plaza, 16th Fl.
Brooklyn, New York 11201

By: _____
TRACEY J. KNUCKLES
Assistant U.S. Attorney
(718) 254-6028

I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily.

_____
NEIL FOSTER PHILLIPS II
Defendant

Approved by:

_____
Paul Gianelli, Esq.
Counsel to Defendant